Thank you, Your Honor. John Pressman, on behalf of the appellants, Monroe Staffing, and... You're welcome to take your mask off, but you need not. It's totally up to you. And especially thank you for that, Your Honor. It's been some time. Again, John Pressman on behalf of the appellants. Your Honors, this case presents a straightforward question. Is the sending of a routine reservation of rights letter of the sort sent virtually every day across this country by lawyers throughout all states... Is the mere sending of that reservation of rights letter the equivalent of actually acting upon any of the rights reserved? I submit the answer to that question is self-evident. It's not. Nonetheless, appellant argues that appellant's mere provision of a basic reservation of rights letter, by which the appellants reserved a whole host of claims and remedies upon their finding of information, which indicated that appellee may have defrauded them into purchasing her staffing service industry. Appellee contends that mere provision of a routine reservation of rights letter was sufficient to trigger an exception to the sales agreement's requirement of a New York form that only applies to a very specific type of claim. A claim that arises from or relates to a buyer set-off pursuant to Section 7.08 of the agreement. But there's no dispute, not by appellee, not even before the district court, by the district court judge, that appellants have never asserted a buyer set-off claim pursuant to Section 7.08 or otherwise. Can I ask you a threshold question about whether we can even get to this question? So you filed a motion to dismiss that argued, among other things, the case was not justiciable. Is that correct? Correct. And then the plaintiff filed a motion to amend their complaint. Is that correct? They filed that long after. And my understanding is that the district court neither ruled on the motion to amend the complaint, nor ruled on your motion to dismiss the original complaint as non-justiciable. Is that right? He did not rule on either of those motions. Correct. How is the district court allowed to do that? You know, there's this sort of whole order of operations question under Steel Company and other cases. It seems to me that the district court remanded it based on its interpretation of the agreement. But I'm not sure I understand how the district court is allowed to interpret the agreement without first resolving whether the case was justiciable. Well, Your Honor is correct in that we don't believe the case is justiciable. That being said, under CINOCAM, Justice Ginsburg stated that the hierarchy of issues that a court must evaluate is not rigid. And that where there is some flexibility within that… Totally agree. I'm just not sure that this falls within it because here with the court… I understand the court remanded and normally remand would be a matter of subject matter jurisdiction. If that's the case, that's normally something that you can do in any order. But here the remand was based on the district court's constructed… It's not based on the conclusion that there was no federal question jurisdiction, no arising under jurisdiction. It was based on the district court's interpretation of the party's private agreement. And I'm not sure that under Steel Company, that's the kind of thing you can do before you decide whether the case is justiciable in the first place. Well, you know, certainly, obviously, we rely on CINOCAM. And what we say is that he should have decided both. I mean, he frankly had a basis to dismiss this on multiple grounds. Sure. But with respect to the form selection clause, because that does go to the form nonconvenience arguments and because CINOCAM speaks explicitly on that. In fact, that was a form nonconvenience argument, a form selection clause case. He was certainly within his right to address that issue. He addressed it, unfortunately, incorrectly. Does it matter to go to Judge Hyten's question? If it was a standard form nonconvenience argument, it seems like you're correct. But I took Judge Hyten's question to be because the forum issue here required the substantive interpretation of the contract, that that changes it for some reason. Let me understand why that shouldn't make a difference. And Judge Richardson, I think the point here is this. When you're evaluating a form selection clause, which is very often going to be the subject of a form nonconvenience motion under 1404, you're going to have to engage in some reading of the contract. But this isn't a form nonconvenience analysis, is it? I mean, what the district court did was substantively look at that clause and say the parties are contractually bound to have this. The form selection clause listed the proper place. It wasn't a matter of convenience. It was a matter of the party's contractual obligation of where it was going to be heard. And the district court looked at that in deciding that it was related to set off. So the district court essentially considered the merits of the case before it considered the justiciability of the case. Why isn't that backwards? Judge Keenan, I don't believe he looked at the substantive nature as to whether or not this was a valid claim that Ms. Whitaker had brought. In fact, we argue in our brief that it wasn't. But he wasn't. He had to consider the validity of the party's contractual agreement of where the case would be litigated. Absolutely. Absolutely. And he looked at that. Why isn't that more than just form nonconvenience? Why isn't that more a substantive consideration of a primary issue in the case? Well, I don't think they're mutually exclusive. I mean, I think there's some substantive consideration because you're looking at the contractual language to determine the correct form. And so here the language is really clear. You have that top provision that says any claims arising from or relating to the agreement, the transaction documents apart from the agreement, or any of the transactions contemplated hereby or thereby must be litigated in New York. And both parties consented irrevocably to jurisdiction in New York. So the district court, in this case or any case, has to look at that language and apply it to determine whether or not the case was actually venued properly. Here it wasn't because at most her claims relate to the agreement. They do not relate to a setup. The provision they rely on appears lower down in the form selection clause. And it is a clear exception. In fact, in a case where the matter… But would it matter if your opponent here had argued not that the clause was unclear or that the exception applied, but the contract was unenforceable? And so therefore the form selection wasn't binding because for one reason or another the contract was unenforceable. It didn't have consideration or it was unconscionable or whatever, but substantively the contract was unenforceable. Would that turn the question into a merits decision? I mean, what I'm trying to get at is, is there a point in which even this argument could be a merits question even if it maybe wasn't here? Judge Richardson, that's a great question. I think the answer is there's a tipping point. And I think the tipping point in a case like the example you mentioned where you have one party who ostensibly is going to be arguing that there's no claim because the contract's unenforceable, that weighs on that substance of that defense as well as whether or not a portion of that same contract, the form selection clause, is enforceable. As you note, though, that's not the case here. And the reason, just to make sure I understand your argument, the reason you would say that is a decision on the merits that would have to come after judiciability under SINOCAM is because it has sort of claim-preclusive effects on the claim that's being raised. Yeah, I think in SINOCAM, I mean, again, I think what Justice Ginsburg said in that decision was there's some flexibility. It's not to be applied with the rigidity here where they have to – I mean, the typical example, I mean, the typical order is subject matter jurisdiction, then personal jurisdiction, and then you can get to considerations of venue. But what Justice Ginsburg in that case said was if those are a little more complicated, you can address the form nonconvenience arguments or the venue arguments first. And so there may be a case out there where it's – the lines are blurred between what is the substantive defense and what is the venue argument. In the case where the example you raised, though, I would argue that that case should be dismissed with one swoop because there's neither going to be a claim under the contract because the contract's invalid and, therefore, the venue clause is also invalidated. So there's just nothing left of the case after that. Let me ask you a question about the clause itself, assuming we get there. What, in your view, does it mean to relate to a set-off? Because the contract says arising out of or relating. So the only thing that tells me for sure is that relating to is broader than arising out of. So in your view, what relates to a set-off? So, Judge Hayden, I think the important point on that – and I want to come right at you on that question. What relates to a set-off is it has to be evolving from a set-off. It doesn't necessarily have to be a direct arising from. It's a little broader out. Give me an example. I guess maybe this would be helpful for me. Give me an example of something that relates to a set-off that does not arise out of a set-off in your view. Yeah, so I think in terms of relating to a set-off – and let's take the example for which this was made. And I want to just give, if I may, a brief bit of background to give some context here. The whole purpose of this set-off provision is it is a different way of doing what M&A lawyers have done for years, which is create an escrow account where both parties can sort of – or certainly the purchaser business can draw down on that escrow. The set-off allows the purchaser to basically keep the money. And then at the end of the day, when an earn-out is owed, would pay it out just as if it were coming from the escrow account. When we talk about whether it relates to the set-off, and to give you an example on what that would be versus arising from, I would say a good example would be – a very common example of use of a set-off is with a labor and employment violation. For instance, in this case, what we've said is that the immigration records of the employees were not kept in accordance with law. There are fines to be paid for that. So if you get a fine assessed to you with respect to an immigration violation from the Social Security Administration or the Department of Homeland Security, that certainly both arises from and relates to a set-off. You said it arises from and relates to. I'm asking you for an example of something that relates to but does not arise from. I think the relate to would be if there was a claim off that, for instance. If, for instance, you got penalties that were perhaps attenuated with respect – they weren't directly from Homeland Security, but they kind of related to the same set-off that you were taking. But I also think it's critically important to remember this. I'm sorry. Can you go back to the answer you gave? So DHS says you have to pay fines. Why would that either arise or relate to set-off? Just walk me through the logic of why that would – because I view the set-off as a way of recovering money that you're owed. But the question – so you have money that you owed, but you can recover it two ways. You can get it through a set-off or you can bring an independent suit and not use set-off. You could try to garnish money from her some other way, just collect damages. But the question is why would fines necessarily relate to set-off as opposed to you could recover those damages just in a standard breach of contract suit without invoking your right to set-off? If you don't seek set-off, then you can still get damages. You may not be able to recover them or you may be able to, but you can still get the same damages. Judge Richardson, I think you just hit the nail on the head. I mean the point is under this agreement, there is a specific process by which you have to take a set-off. I know, but you just said that DHS fines would relate to set-off. And what I'm saying – and I thought your answer was going to be the opposite, right, that that would not relate to set-off. And pardon me for the confusion I've created because I want to be very clear. My answer assumed that Staffing 360 went through the process of taking a set-off. So they did what the set-off provision of the agreement requires. They sent a notice of the set-off. They sent a calculation of the amount, and they set back-up documentation. Okay, but then that goes back to Judge Hyten's question of like why do we think that's not – I mean that would then be a rising out of a set-off, right? Because you've made the set-off request, and so it arises out of it. I took what Judge Hyten was getting at is okay, but relates to must mean something more than that. And so that's what I was trying to get the answer to. Yeah, I think relate to might mean, for instance, again, I think that it would reply to the actual set-off. Okay, we concern the actual set-off, so let's assume the notice has gone out, and we've asked for that money. If there was a claim that sort of built off that, for instance, let's say we were seeking interest on top of that. Okay, it wasn't directly based on the notice we got from Department of Homeland Security or the Social Security Administration. Let's say they said you have a $500 fine. Your Honor, I see my time has run out. You can answer. Let's say they said you have a $500 fine. Well, the set-off that we're providing them is an invoice for $500. But we may have interest on that now, and we can seek that interest. That relates to the set-off amount because the amount of the set-off itself was $500, but there's running interest which relates to that, builds off of that, and therefore we would seek that. Thank you. Thank you. Counsel? May it please the Court? Gray Wilson from the North Carolina Bar for the Plaintiff-Appelee. The form selection clause… You two are welcome to, but need not take your mask off. Thank you. The form selection clause at issue here with regard to a set-off is not an exception to the rule. It is a separate form selection clause in the asset purchase agreement. I can't improve on the language of the production resource group case, which says when you use those words arising out of or related to, that that is, quote, extremely broad in a case like this. And the defendants therefore bear a, quote, heavy burden to rebut the presumption that the clause is enforceable. But when you look, you're talking about the breadth of the language, but it's not just arising out of or relating to a set-off. It's arising out of or relating to a set-off pursuant to Section 7.08. And Section 7.08 is very precise as to what is required to exercise a set-off. And it seems to me the problem that you have from your perspective is that the requirements for exercising a set-off under 7.08 were not made in this case. The calculations were not transmitted. The specific requirements of the section were not complied with. So how do you get around the specific requirement that the set-off has to be pursuant to 7.08? I would offer two positions on that with respect. I'm sorry, I'm having a little trouble hearing. I would offer two positions with regard to that with respect, Your Honor. And the first is that in the, I call it the set-off letter itself, the plaintiff is put on, quote, notice of staffing 360's claim. They cite a half dozen different sections of the asset purchase agreement under which that may arise. And they use the term fraud in connection with these bogus immigration violations that they asserted very strategically just a couple of months before the earn-out payment was due. This was a company that purchases temporary staffing companies, and they do so by a down payment and then an earn-out payment. But there are three requirements here under the contract, under 7.08, to exercise a set-off. He has to provide, Monroe has to provide notice, including the basis for the entitlement to a set-off, a calculation of the set-off amount, and supporting documentation. I mean, you certainly agree that all of those were not provided, don't you? I do, and I think our complaint said potential set-off claim. Perhaps could have chosen a more compelling word like threatened or pending, but certainly litigation was, in our view, imminent at that point. And I think that history has borne us out with regard to what happened in the wake of that. The second point, though, that I would make in response to your question is this, that under, again, the production resources case, which really runs the gamut of cases that are construing clauses like this, it notes that a causal connection is not necessarily required between the forum clause and the claims in our complaint. In other words, we asserted a breach of contract claim, and in response to that, the defendants might assert a set-off by way of defense, and we submit that would be sufficient. It's not a defense to your breach of contract claim. Why would a set-off be a defense to your claim? A set-off is a manner of satisfying a set of damages that you owe them, but it's not a defense to your breach. Well, it would be a defense by way of credit, set-off, recoupment, however you wanted to call it. That's after you lose. A set-off wouldn't be a defense. A set-off would only say if you turn out to owe them money, they can choose to collect that the way we normally collect money judgments, or they can choose to not pay you money that they otherwise owe you. But that's their election. It's not a defense to your claim at all. It doesn't strike me. Well, with respect, we filed a suit for breach of contract to recover the earn-out payments based on the untimely payment of interest under the amended agreement, and by way of defense, they could answer and plead that we're not entitled to those payments because they're entitled to set them off against any judgment. They could do all those things for sure, I suppose. Can I ask you maybe a related question? Sure. So I asked your friend on the other side what he thinks the word relates to means. What I'm having trouble with your position and honestly with the district court's ruling is what do you think the words pursuant to section 708 mean? Because I noted there's a place in the district court's opinion where it literally edits the clause to delete the words pursuant to 708 and says it requires it to go to North Carolina if it is related to a set-off. But as Judge Keenan said, that is not what the contract says. The contract says a set-off pursuant to section 708. So I guess what would be helpful for me is for you to tell me what you think the words pursuant to section 708 do. In other words, how is the meaning of this contract changed by the presence of those words from what it would mean if it just said related to a set-off? I don't think it would be any different. So you think that those five words are, I guess it's four words, are just subplussage? They don't do anything? Not with regard to the interpretation of the form selection clause. And the reference to that again embraces the dispute. Well, it's part of the form selection clause, though. What's that? So it's got to be relevant. Well, it's relevant only that it refers back to that provision. And, again, we're just talking about a dispute here. Let me ask this another way. So in order for there to be something relating to a set-off, presumably there has to be a set-off. Because I'm not sure how something can relate to something that doesn't exist. So in your view, when was the set-off in question that this action relates to? When was there actually a set-off? Well, again, I used several terms before. But our position was it was an incipient set-off, which, of course, came to fruition when they filed suit in New York. But when that was asserted at that time, we had to make a decision whether or not to pursue an adjudication under that form selection clause in the preferred forum of North Carolina to determine whether or not, as you indicated, that was a justiciable controversy under the Declaratory Relief Act in our jurisdiction. And that's procedural. That's not substantive New York law. And under Rule 57 of the North Carolina Rules of Civil Procedure, that would be a valid justiciable claim, which could be adjudicated. It may well be justiciable in state court, but I guess I do have questions whether it was justiciable in federal court. So I guess I'll ask you the question I asked your friend on the other side. I don't really understand how the district court could interpret the agreement before it determined whether the suit was itself justiciable. Am I wrong about that somehow? I believe the court had that authority, Your Honor, to make that determination to remand so that those other questions about justiciability— Isn't that correct? That is correct. The only thing that wasn't— Okay. So what was the suit about then? I don't understand what was at issue. I mean, what was the gravamen of what Monroe's staffing was supposed to answer for? It would be staffing 360 primarily. Pardon? It would be staffing 360 under that agreement. But what was missing was the timely payment of interest. There were interest payments that came due each month. Now, what you see— When was the first interest payment missed? They were all missed, and that's what we pled. But what you get— But your affidavit—and maybe you say this in the record— but your affidavit says they missed the December payment. That's the only payment that your affidavit says was missed. Yes, sir, and that was just an example of the payment that was missed, I think, because we filed that month. It didn't say that all the other payments were made. And what's instructive here, Your Honor, is this. In the affidavit filed in response and in all the pleadings and briefing, you hear the rant that every interest payment was made. What you didn't hear was that they weren't timely made, and that's what we alleged. I don't see how that affidavit or anything else would trump the pleading in that regard. That would be a matter to be determined by the state court on a 12B6 motion. Well, the pleading was very general, though. It just said money was owed, right? I mean, what precisely did your complaint allege regarding what Monroe had failed to do? That they didn't make the payments and interest when due. Except, yeah, but the complaint was filed in what, the beginning of December 2019? That's correct. And the final deadline for the earn-out payments was February 2020, and I thought they were entitled to wait until February 2020. Weren't they, under the contract? Yes, sir, as long as they didn't breach it, which they did by failing to make timely interest payments. They were in breach of the agreement that they negotiated to buy more time so that they could file their action in New York and ask for $6 million back instead of the 4 they owed to the plaintiff. The theory would be that if they didn't make the, say, October interest payment, and you allege that, and then it's not including the affidavit, which is confusing me a little bit, but if I take that you allege the interest payments weren't made, you would then say all of the money was then due and payable, because they had then breached the revised agreement or the subsequent agreement? Yes, sir. I think we have to be careful here to realize that what is being argued here, again, is a triumph of form over substance. We know exactly what happened. You've seen it happen before. The forum selection clause is always about form, not substance. I mean, that's sort of a little bit the point that Judge Heidens began with your colleague. Like, the question we have on a forum selection clause is the form of the action, not the substance of it, right? Yes. As I heard the question back to both sides, it was, well, there was no setoff that ever actually occurred, and the litany of the actual details required for that was reviewed. But what we have here is the perfect snapshot as to what was going on and what happened. We have an exhibit attached to the affidavit of the plaintiff which points out this is not their first rodeo. This is how they operate. The first pro case shows they make the down payment, and then when it comes time to pay the earnouts, they default, litigation ensues. And our client and we could see that that's exactly what was coming, and that's exactly what came except you won't find the forward setoff anywhere in the complaint that was filed in New York. Instead of setting off anything that they might owe up to the tune of $4 million. Okay. Go ahead, Judge. No, you go ahead. That's fine. So I just have a question about what you understand to be a setoff. So imagine that a date for a payment under the contract comes due, and they just don't pay. You know, money is due by January 1st, and they just don't make a payment. Do you think that that is automatically a setoff, or is that just a breach of contract? Oh, that's a breach of contract. You had to have the setoff letter to trigger the deck action that we filed in North Carolina in addition to the breach. Okay. So not any refusal to pay money that would otherwise be due is a setoff. So then I come back to the pursuant. What do you think makes something a setoff? If simple failure to pay money when due is not automatically a setoff, what additional things are necessary to have a setoff? To assert that for whatever reason that money is paid or to be paid or no longer owed and can be recouped because of some breach of some of the half dozen or so provisions of the asset purchase agreement, which were cited in the setoff letter. Yeah, I'd like to back up just a little bit because I'm still confused. Your affidavit, and perhaps you could clarify this for me, your affidavit is alleging amounts that were owed after the complaint was filed. Now, why would your affidavit allege amounts that were owed after the complaint was filed and not include amounts that we're now told were due and owing at the time the complaint is filed? I don't understand. It looks like from our record in the affidavit that when the complaint was filed, nothing was owed. Your affidavit refers to a December payment that was due after the complaint was filed, doesn't it? It does, but the complaint itself alleges that interest and payments were not timely made. So the amended agreement was in breach at the time that this letter was filed. So you just left out the payments that were already due out of the affidavit? You mean the earn-out payments? No, not the earn-out payments because they weren't due until February, as I understand. I agree. But I'm talking about the ones that you're telling us now that weren't part of the affidavit, but you're saying were due in September and another month before the complaint was filed? September, October, November. Right, but they're not in the affidavit. So why are they missing from the affidavit? It was just an example, since the suit was filed in December, of one that most recently hadn't been paid. But the allegation in the complaint is that those interest payments were not timely made. Does the complaint refer specifically to interest payments, or does it talk about payments in general? It says payments and interest were not timely made, as I recall the specific terms. Okay, thank you. And the amended complaint, of course, expounds on that. So you just mentioned the amended complaint, which I guess is another question I have about this case. It's just it is obvious and apparent that a bunch of things have happened since the filing of your initial complaint, but we're sort of procedurally hamstrung here by the fact that the district court didn't rule on the motion to amend, so at least as I understand it, we are supposed to pretend that the original complaint is the only complaint, even though the parties have sent up to us all kinds of information of things that have happened since the initial complaint. What do you think we should do with that? Because I guess do you disagree with my understanding that because the district court did not rule on the motion to amend, the only thing that is actually before us is the original complaint? The original complaint was the only complaint at the time. The amendment was not acted on by the court. That was remanded to the state court for further proceedings, for their motion to amend, motion to dismiss, whatever else might arise in that regard, except personal jurisdiction, which would be foreclosed by the form selection clause. Would the amended complaint have had an effect on the form selection clause? I mean, it didn't change anything from a form selection perspective. It really didn't because it just reiterates, perhaps more specifically, certainly under our state court rules sufficiently, that the interest payments were not timely made. Therefore, the amendment agreement had been breached. We still had the declaratory judgment action in there, and then, of course, we added the additional claim for the use in the wake of that setoff letter. The setoff letter wasn't sent in November, several months before the earn-out payments were due under the amended agreement. It was very strategically calculated to give the defendants time to get the plaintiff on the phone, this lady who had devoted her entire adult life to build a $12 million company on her own, to threaten her with bogus federal criminal charges if she didn't fold the tent, as they did in the first probe case, which is an exhibit attached to her affidavit. Let me give you one example. At the time of the filing of your initial complaint, the New York action had not been filed yet. Is that right? Yes, sir. And at the time you filed your proposed amended complaint, the New York action had been filed, right? Yes. So to the extent—I mean, if one of the questions is, does this relate to a setoff or not, it strikes me that one thing that might be relevant is what they've done in the New York action, what they've asked for in the New York action. But if we're only reviewing the initial complaint, we have to pretend the New York action doesn't exist. And if we're reviewing an amended complaint, we could acknowledge that the New York—am I right about that? Yes, it's certainly fine with the plaintiff to ignore the existence of the New York action. But what if we think it actually might matter to the proper resolution of this question? Then I would say have at it because that is the consummation of the fraud that was undertaken by the defendants when they sent the setoff letter. That was the initial— In the New York action, did they seek setoff pursuant to 7.08 of the agreement? No, Your Honor, of course not.  They just asked for $6 million back and alleged this host of immigration violations, which, again, ties right back into the setoff. It ties into the setoff of the letter. Why does it— No, that's okay. I'll withdraw that. All right. I see my time is close to— Any other questions? Thank you very much, counsel. Thank you. You have a few minutes on reply. Thank you, Your Honor. So, very briefly, counsel was mistaken. The New York form selection clause is not a separate provision. The exception is not a separate provision. The exception appears right below the mandatory New York form selection clause. And where you have a case where the magistrate judge and the district court judge disagree on the main, the final outcome, two things they do agree on are the form selection clause is mandatory and New York is the default with the exception for a buyer setoff. Now, Judge Keenan, your focus— If the New York action had sought setoff, would that have changed our analysis at all? If we had exercised rights to a setoff, and this gets to Judge Hyten's question before, okay, if we had exercised rights to a setoff, then yes, the normal operation of that provision allows her to start an action in North Carolina if it relates to a setoff pursuant to 7.08, which, as Judge Keenan noted, requires a whole host of requirements in pre-notice, none of which has ever been given. We have never asserted a setoff claim in any form, either as an affirmative claim or defense. Now, the point that is fatal to their position in this appeal is this. When Judge Hyten asked counsel if that language of the exception clause pursuant to Section 7.08 is mere supposage, the answer was it is. Under New York Black Letter Law, that cannot be. New York Black Letter Law, and we cite it in our brief, Second Circuit, the court must give effect to all words used. Their interpretation requires that this court write out the phrase pursuant to Section 7.08, and on that basis alone, this appeal for them fails. The district court's decision must be reversed. The other point that I think bears noting is in her affidavit, page 86. I think it's the most critical page in the record. She doesn't just say they missed the December payment, and let's put that in context. The complaints filed on December 5th. In her affidavit, she states that we actually paid the interest, wired it to her account at North Carolina Pinnacle Bank. That's in paragraph 23 of her affidavit. Paragraph 24, she says, however, the December payment has not yet been made at the time of the complaint filing. When you read the agreement, the payments for interest were not due until the end of the day, the last business day of the month. What she's alleging is the September and October payments weren't timely made. What that presumes and what that attempts to inject into the amendment is an acceleration clause that doesn't exist. And, in fact, she herself has not taken that position because if you read further She still would be in breach, right? I mean, if you didn't make an interest payment, forget about the effect of doing it. You would be in breach, and you would have not paid money that you were required to pay. If she has a claim for a breach of contract, she has a claim for a breach of contract. But the exception applies solely to a set-off claim pursuant to 7.08. That's it. Breach of contract cases, those are litigated under New York. That's the clear intent and meaning and reading of the form selection clause. And the important point on the interest is this. A set-off, by virtue of the contractual language, only applies to the earn-out payments. It does not apply to the interest. The definition of set-off is that the buyer has the election to withhold and deduct from any earn-out payments. Not interest, earn-out payments. Those earn-out payments were indisputably not due and would not have come due for three months after she filed her complaint. And, to your point, Judge Hytens, the operative time period, what we must look at on this appeal and what the district court was confined to look at in reviewing the motion was the state of affairs on the date of the operative pleading. That's what Keats says, which we cited in our brief. That was a Judge Daniels decision. He oversees the New York action as well. And we have a number of other cases on that point. But the operative time period here, the relevant time frame, is the date of the complaint. It is undisputed at the time she filed her complaint we hadn't missed any interest payments. The interest payment of which she complains had not yet come due. And the earn-out payments were not going to be due for an additional three months. I just want to make sure I got the record because I thought I understood it. But you said it was undisputed at the date of the complaint that you had not missed any interest payments. But the complaint says the opposite, right? It says that you had not made interest, page 47, interest as required. Well, I think what you're hearing from my adversary in this is what they mean by that is that they were not timely made, that there were late payments. But they have never, never disputed interest as required. I mean, that's what it— You're disputing, I guess, the— I'm not disputing that some of the interest payments got there late by a few days. I'm not disputing that at all. But at best— You said it was undisputed that they made them all. That they were made. I think what the implication, the suggestion by Apelli's brief is we just skip the interest payments, which we didn't. And even if we did, as Your Honor notes, that's a breach of contract. That's not a buyer set-off claim. Does counsel have a pleading problem because the affidavit doesn't specify interest payments allegedly overdue when it specifies interest for December? Well, we've argued, Judge Keenan, that that's a basis to dismiss. Yeah. Because the court—  I haven't heard you talk about that lately. You know, you've been talking much more about the language of the set-off clause— excuse me, of the form selection clause. But you are still maintaining the disability issue, aren't you? I see my time has run out if I may just answer that question. Well, are you? Absolutely. Those payments— That is a basis for dismissal, and we've argued that. Okay. Thank you. Thank you, counsel. As you probably know, we would normally come down and greet you in person and thank you for your help on the case. But in the current times, we're not yet doing that. But hopefully we'll get to do that again soon. Thank you very much.
judges: Julius N. Richardson, Toby J. Heytens, Barbara Milano Keenan